NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30171 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00018-SPW-2 |
| v. | |
| CHRISTOPHER ROBERT HAMILTON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Christopher Robert Hamilton appeals from the district court's judgment and

challenges the 96-month sentence imposed following his guilty-plea conviction for

conspiracy to possess with intent to distribute methamphetamine, in violation of 21

U.S.C. § 846, and possession with intent to distribute methamphetamine, in

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. § 841(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hamilton first contends that, in calculating the drug quantity attributable to him, the district court erroneously included quantities from three sales at which he was not physically present. We review the district court's factual findings for clear error and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). At the sentencing hearing, a law enforcement agent testified that, at each of the three challenged sales, Hamilton's co-conspirator referenced Hamilton's awareness of, and involvement in, the conspiracy. In light of this testimony, the district court did not clearly err by finding that each of these sales was done within the scope and in furtherance of the conspiracy, and was reasonably foreseeable. *See* U.S.S.G. § 1B1.3(a)(1)(B); *United States v. Reed*, 575 F.3d 900, 925 (9th Cir. 2009).

Hamilton next challenges the district court's application of a two-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), for possessing a firearm in connection with the drug conspiracy. The undisputed record reflects that, during one of the drug transactions, Hamilton accepted a padlocked bag containing three firearms from an undercover officer as partial payment for the drugs, and was left in a vehicle with the bag containing the firearms. Contrary to Hamilton's contention, this was sufficient for the district court to conclude that Hamilton

possessed the firearms. *See* U.S.S.G. § 2D1.1 cmt. n.11(A) ("The enhancement should be applied if the weapon was present, unless is it clearly improbable that the weapon was connected with the offense."); *United States v. Boykin*, 785 F.3d 1352, 1364 (9th Cir. 2015).

**AFFIRMED.**

19-30171